[Cite as *State v. Sheffey*, 2017-Ohio-5634.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0075** |
| TROMANE RYAN SHEFFEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00356.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Ashley E. Loyke*, 21300 Lorain Road, Fairview Park, OH 44126 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Tromane R. Sheffey, appeals his guilty plea and sentence after pleading guilty to domestic violence, a third-degree felony. We affirm.

{¶2} In June of 2016, Sheffey was indicted for domestic violence, possession of marijuana, and aggravated burglary. Ultimately, Sheffey pleaded guilty to domestic violence in violation of R.C. 2919.25. The other charges were dismissed. His written

guilty plea indicates that the state would request a 24-month prison term. It also states prison is not mandatory and that sentencing was deferred pending presentence investigation. Sheffey's written plea also states that the maximum penalties were 36 months in prison and a $10,000 fine.

{¶3} The trial court imposed a 24-month prison term and court costs. Appellant asserts three assigned errors. He first argues:

{¶4} "The trial court imposed a sentence that was not commensurate with the crime committed and not consistent with the sentences imposed for similar crimes committed by similar offenders."

{¶5} This assigned error consists of two subarguments. He argues that a 24-month sentence was not warranted and that his sentence is disproportional to others cases involving the same offense.

{¶6} R.C. 2953.08(G)(2) states:

{¶7} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

2

**{¶9}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶10}** "(b) That the sentence is otherwise contrary to law."

**{¶11}** "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts 'may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.' *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23." *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14.

**{¶12}** Appellant does not allege that his sentence is beyond the statutory range. Instead, he claims the sentencing court failed to sufficiently consider and apply R.C. 2929.11 and 2929.12. We disagree.

**{¶13}** Pursuant to R.C. 2953.08(G)(2) and *State v. Marcum*, 146 Ohio St.3d 516, we cannot vacate or modify Sheffey's sentence unless we clearly and convincingly find that the record does not support his sentence. *Id.* at ¶23-24.

**{¶14}** R.C. 2929.12(A) provides that in imposing a sentence for a felony offender, a sentencing court *shall* consider the R.C. 2929.12 seriousness factors, recidivism factors, and the offender's service in the armed services, if applicable, and

3

any other relevant factors. It is not required, however, to state its application of the factors to demonstrate that it considered them. *State v. Arnett,* 88 Ohio St.3d 208, 215, 2000–Ohio–302, 724 N.E.2d 793; *State v. Webb,* 11th Dist. Lake No. 2003–L–078, 2004–Ohio–4198, 2004 WL 1778852, ¶10. "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams,* 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus (1988). The burden is on the defendant to present evidence to rebut the presumption that the court considered the sentencing factors. *State v. Long*, 11th Dist. Lake No. 2013–L–102, 2014–Ohio–4416, 19 N.E.3d 981, ¶ 79, citing *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992).

{¶15} Here, Sheffey argues his sentence is contrary to law because he had never been charged with a felony before and had a minimal prior criminal record; he had successfully served probation for his prior domestic violence offenses; and he was actively seeking counseling for anger management and substance abuse at the time of sentencing. He also emphasizes that the victim did not submit an impact statement and that the prosecutor's statement that the victim was fearful of Sheffey is not supported.

{¶16} The prosecutor verifies that the victim sustained physical injuries as a result of the offense and that she was not participating in the proceedings because she is terrified of Sheffey. Neither appellant nor his counsel objected. The prosecutor also read the victim's statement provided to the victim advocate without objection from appellant or his counsel:

{¶17} "Tromane started texting to talk. I told him no. He was waiting for me when I came out of my friend's house, wanted to tell me to stay away from my boyfriend. Tried to go in the house, he followed, started to choke me 'cause I wouldn't

4

listen. I ran to the back room, got out window but he pulled me back in the house by my hair. He choked me again, told me I wasn't going anywhere. I got away again and ran out the front door. Grabbed me by my hair, took me back in house, started choking me again, knocking me over my recliner."

{¶18} Further, Sheffey had two prior misdemeanor domestic violence convictions involving the same victim, who is the mother of Sheffey's child. Sheffey's prior domestic violence charges were resolved in 2013.

{¶19} In imposing sentence, the court emphasized that it reviewed Sheffey's extensive presentence investigation. It noted that he had no juvenile record, but explained:

{¶20} "And in the adult record, the crimes begin in 1997, and '98, misdemeanors, and they continue throughout the years with periods of time in between where there was no criminal activity.

{¶21} "There are * * * prior domestic violence charge[s] in 2013. Looks like another one in 2013. So one occurred in May and then another one in September * * *."

{¶22} Sheffey confirmed that all three offenses involved the same victim. The court states it considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12 and notes that Sheffey shows genuine remorse and has been compliant with the court's proceedings.

{¶23} However, the trial court expressed concern in light of Sheffey's repeated domestic violence charges and his failure to respond favorably to prior sanctions. The trial court notes that the victim is fearful of Sheffey. This conclusion is supported by the uncontested statement made by the prosecutor and is corroborated by the victim's

5

account of the offense that describes Sheffey pulling her through a window by her hair and repeatedly choking her.

{¶24} The trial court also finds that community control sanctions would demean the seriousness of the offense and would fail to protect the public and the victim. The trial court considered and applied the applicable factors and emphasized Sheffey's repeated offenses of violence against the mother of his child and the need to protect her from him.

{¶25} Thus, the record supports his sentence, and his first argument under his first assigned error lacks merit.

{¶26} Sheffey also argues in this assigned error that his sentence was disproportional to others who have committed domestic violence. He directs our attention to three cases in which the defendants were charged with domestic violence and either received shorter prison terms or the same prison term as Sheffey, and he argues their conduct was worse than his.

{¶27} His argument is founded on R.C. 2929.11(B), which states:

{¶28} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, *and consistent with sentences imposed for similar crimes committed by similar offenders*." (Emphasis added.)

{¶29} Contrary to Sheffey's argument, however, "'consistency in sentencing is accomplished by the trial court's application of the statutory sentencing guidelines' and, 'to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing.' *State v.*

6

*Brody,* 11th Dist. Lake Nos.2010–L–095, et al., 2011–Ohio–4884, ¶ 43; *State v. Delmanzo,* 11th Dist. Lake No.2007–L–218, 2008–Ohio–5856, ¶ 37 ('we do not believe that a numerical comparison to other sentences is dispositive of the issue of consistency')." *State v. Griggs*, 11th Dist. Lake No. 2014-L-127, 2015-Ohio-4635, ¶ 67 (11th Dist. Lake), *appeal not allowed,* 146 Ohio St.3d 1431, 2016-Ohio-4606, 52 N.E.3d 1205.

**{¶30}** Further, the Eighth District in *State v. Georgakopoulos,* 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶26, explained that consistency in sentencing does not require identical sentences for comparable offenders:

**{¶31}** "'The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences. *Id.* Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of 'consistency,' two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment.'" *Id.,* quoting *State v. Quine,* 9th Dist. Summit No. 20968, 2002-Ohio-6987. *Accord State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶56-57.

**{¶32}** Thus, because the trial court properly considered the applicable factors in imposing Sheffey's sentence, we find no error. Sheffey's first assigned error lacks merit in its entirety.

**{¶33}** Sheffey's second assigned error asserts:

**{¶34}** "Defendant/Appellant's plea was not made knowingly, voluntarily, and intelligently and therefore the plea was made in violation of his constitutional rights."

**{¶35}** Sheffey argues that his plea was invalid because the trial court failed to strictly comply and satisfy Crim.R. 11. He first claims the trial court erred in emphasizing that the maximum prison term that he faced was not mandatory and that this confused him. He also claims that part of the required colloquy was between the court and Sheffey's counsel, not Sheffey. Thus, he argues that he did not "feel" he could invoke the constitutional rights explained by the court. We disagree.

**{¶36}** "Crim.R. 11(C) requires a trial judge to determine whether that criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea. Of particular relevance to the case at bar is Crim.R. 11(C)(2)(c), which provides:

**{¶37}** "'In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:'

**{¶38}** "' * * *

**{¶39}** "'Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.' * * *

8

**{¶40}** "This court has held that the preferred method of informing a criminal defendant of his or her constitutional rights during the plea colloquy is to use the language contained in Crim.R. 11(C). *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18; *State v. Ballard* (1981), 66 Ohio St.2d 473, 479, 20 O.O.3d 397, 423 N.E.2d 115. However, a trial court's failure to literally comply with Crim.R. 11(C) does not invalidate a plea agreement if the record demonstrates that the trial court explained the constitutional right "'*in a manner reasonably intelligible to that defendant*'" (Emphasis added in *Veney.*) *Veney* at ¶ 27, quoting *Ballard* at 473, 20 O.O.3d 397, 423 N.E.2d 115.

**{¶41}** "* * * However, we reaffirmed that the "'failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty."' Id., quoting *Ballard* at 479-480, 20 O.O.3d 397, 423 N.E.2d 115. This is because 'a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant.' *Veney* at ¶ 27." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶10-15.

**{¶42}** The trial court initially conferred with Sheffey's counsel, who agreed that Sheffey understood the nature of his plea agreement as well as the constitutional rights he was waiving. However, the trial court thereafter directly asked Sheffey whether he could read, write, and understand the English language and confirmed that he had not consumed any drugs or alcohol in the past 24 hours. The trial court then independently reviewed each of Sheffey's constitutional rights with him, and Sheffey responded that he

9

was waiving each right. Nothing indicates that Sheffey failed to understand the proceedings or was incapable of understanding his exchange with the trial court.

{¶43} As for Sheffey's claim that the trial court improperly emphasized the nonmandatory nature of the potential prison term he faced, we disagree. The trial court explained the range of prison time Sheffey faced, and Sheffey agreed that he understood:

{¶44} "The maximum penalties as provided by law are the following: For Count 1, third degree felony, a charge of domestic violence, the Court can impose a term of incarceration of at least nine months, but not more than 36 months or increments of months between nine and 36, such as 12 months, 18 months[,] 24 months or 30 months on this offense.

{¶45} "You can be fined up to, but not more than $10,000 on this offense. A nonmandatory penalty means that the law does not require that the Court impose a particular penalty, but the Court can impose the particular penalty at its discretion.

{¶46} "The term of incarceration on this offense is not mandatory and the fine on this offense is not mandatory. So do you understand these penalties?

{¶47} "THE DEFENDANT: Yes."

{¶48} Moreover, Sheffey also confirms during his plea hearing that he signed the written plea agreement, which also states the maximum penalty was 36 months in prison. He agrees that he reviewed the written agreement thoroughly with his attorney and that he signed it voluntarily and had no questions regarding the written plea agreement. The court separately confirmed that Sheffey had no questions regarding his constitutional rights.

**{¶49}** Accordingly, we find Sheffey's plea was made knowingly, voluntarily, and intelligently, and his second assigned error lacks merit.

**{¶50}** Sheffey's third and final argument asserts:

**{¶51}** "Defendant/appellant was provided ineffective assistance of counsel in violation of his rights under the Sixth Amendment of the United States Constitution and Article I, Sec. 10 of the Ohio Constitution."

**{¶52}** Courts are to employ a two-prong test upon assessing ineffective assistance of counsel claims:

**{¶53}** "[T]he defendant must [first] show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989) paragraphs two and three of the syllabus. "[Second, t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶54}** Reviewing courts are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and we must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 689-690.

**{¶55}** Sheffey claims his trial counsel fell below an objective standard of reasonableness based on his counsel's failure to fully inform him of the potential jail time he was facing. To the extent that this argument relies on evidence beyond the record, this claim is improperly raised in a direct appeal. *State v. Rodriguez*, 12th Dist.

11

Butler No. CA2001-04-077, 2002-Ohio-3978, ¶34, citing *State v. Gibson*, 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (1980).

**{¶56}** Even if counsel failed to inform Sheffey about the maximum penalty, he was well aware. Sheffey's written plea agreement indicates that the state was asking for a 24-month prison term and that he faced a maximum 36 months in prison. The trial court also states at Sheffey's plea hearing that he was facing a maximum of 36 months in prison.

**{¶57}** Accordingly, Sheffey fails to establish that even if his attorney's performance was deficient, that but for counsel's errors, the result of the proceeding would have been different.

**{¶58}** Based on the foregoing, the trial court's decisions are affirmed.

TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.