[Cite as *State v. Stanley*, 2021-Ohio-549.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0039** |
| MEGAN RAE STANLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CR 001110.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, *Deena L. DeVico* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, Ohio 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Megan Rae Stanley, appeals her sentence after pleading guilty to three charges. We affirm.

{¶2} Stanley pleaded guilty to count one, assault on a peace officer in violation of R.C. 2903.13(A) and (C)(5); count two, obstruction of official business in violation of R.C. 2921.31(A) and (B); and count three, violating a protection order in violation of R.C. 2919.27(A)(1) and (B)(3). She was sentenced to 12 months on each count, with the term

for count two running concurrently with count one, and the term for count three running consecutive to the terms for counts one and two, for an aggregate sentence of 24 months.

{¶3} Stanley's sole assigned error asserts:

{¶4} "The trial court erred by sentencing appellant to a term of 24 months incarceration as the record does not support such a sentence."

{¶5} Stanley's arguments question the trial court's compliance with R.C. 2929.11 and R.C. 2929.12, the purposes and principles of felony sentencing.

{¶6} First, Stanley contends that upon fashioning her sentence the court placed too much emphasis on her prior criminal history and failed to fully consider her lengthy and severe mental health issues.

{¶7} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).

{¶8} Sentencing courts are given discretion to choose the most effective way to achieve the purposes set forth in R.C. 2929.11. Through that discretion, courts consider a multitude of factors that relate to the seriousness of the crime, the likelihood of the offender committing crime in the future, and "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶9} R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact finding; instead they require a sentencing court to *consider* the factors when imposing a felony sentence. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶

2

42. And a silent record raises the presumption that a trial court considered the factors. *State v. Sheffey*, 11th Dist. Ashtabula No. 2016-A-0075, 2017-Ohio-5634, ¶ 14, quoting *State v. Adams,* 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶10} Moreover, the Ohio Supreme Court recently held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, __ Ohio St.3d __, 2020-Ohio-6729, ¶ 42. "R.C. 2953.08(G)(2)(b) therefore does *not* provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." (Emphasis added.) *Id.* at ¶ 39.

{¶11} Here, the trial court notes in its judgment entry that it reviewed the principles and purposes of sentencing under R.C. 2929.11 and that it balanced the seriousness and recidivism factors in R.C. 2929.12. At the hearing, defense counsel made the details of her mental health history apparent to the court, and the trial court states that it considered the requisite factors when fashioning Stanley's sentence.

{¶12} While Stanley is obviously unhappy with her sentence and wishes the court would have weighed the factors differently, the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals. *Jones*, *supra*, at ¶ 42. Thus, this aspect of her sole assigned error lacks merit.

{¶13} Second, Stanley claims that our standard of review for felony sentencing fails to provide meaningful opportunity to review a sentence and the trial court's

3

application of the competing factors in R.C. 2929.11 and 2929.12, and as a result, she claims her right to due process was violated.

{¶14} However, "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Statutes are afforded a strong presumption of constitutionality. *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 4. Failure to raise an issue in the trial court constitutes waiver of the issue on appeal. *Awan, supra*, at syllabus.

{¶15} Stanley did not preserve this issue for review, and she does not argue plain error here. Appellate courts may, but are not required to, review constitutional challenges to the application of a statute for plain error. *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. Exercising our discretion, we decline to review this issue for the first time on appeal. Accordingly, Stanley's second argument under her sole assignment of error also lacks merit.

{¶16} Based on the foregoing, the trial court's decision is affirmed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

4