[Cite as *State v. Burton*, 2021-Ohio-1364.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-112** |
| JERRY T. BURTON, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2020 CR 000734.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Adam Parker*, 11459 Mayfield Road, #309, Cleveland, Ohio 44106 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Jerry T. Burton, Jr., appeals his sentence after pleading guilty to three charges. We affirm.

{¶2} After being charged via a bill of information, Burton entered guilty pleas to failure to comply in violation of R.C. 2921.331(B), a third-degree felony; having weapons while under disability in violation of R.C. 2923.13(A)(2), also a third-degree felony, with

an attendant forfeiture specification; and criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a second-degree misdemeanor.

{¶3} The charges stem from an altercation that Burton had with the victim outside her home. Following a verbal argument, Burton retrieved a firearm from one of the victim's vehicles that he was borrowing and fired 11 shots into the back of the victim's unoccupied vehicle. The victim called law enforcement, and officers located Burton and attempted a traffic stop. Burton fled, however, and officers pursued him for approximately 1.3 miles until Burton ultimately lost control of the vehicle, striking a utility pole. Officers located the firearm, ammunition, and drug paraphernalia with residue in the vehicle. Burton had previously been convicted of a felony offense of violence, which had placed him under disability with respect to the firearm.

{¶4} After Burton entered his guilty pleas, the trial court referred the matter for a presentence report, drug and alcohol evaluation, and victim impact statement, and set the matter for sentencing. At sentencing, the trial court stated that it had reviewed the presentence report, drug and alcohol report, victim impact statement and the statements of counsel and the defendant. The court sentenced Burton to 24 months in prison for failure to comply and 36 months in prison for having weapons under disability, to run consecutively pursuant to statute. *See* R.C. 2921.331(D) (if offender is sentenced to a prison term for a third-degree felony violation of R.C. 2921.331(B), "the offender shall serve the prison term consecutively to any other prison term * * * imposed upon the offender"). The court sentenced Burton to 90 days confinement for criminal damaging or endangering, to run concurrently.

{¶5} Burton's sole assigned error states:

2

{¶6} "Appellant's sentence is contrary to law."

{¶7} Burton argues that the trial court erred in imposing a maximum sentence for having weapons while under disability and a sentence above the minimum for failure to comply. Burton contends that the trial court failed to consider the purposes and principles of felony sentencing as provided in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12.

{¶8} R.C. 2929.11(A) provides:

> * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶9} It is within the sentencing court's discretion "to choose the most effective way to achieve the purposes set forth in R.C. 2929.11." *State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 8; R.C. 2929.12(A). In "exercising that discretion," R.C. 2929.12(A) provides:

> [T]he court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

3

{¶10} Although a sentencing court must consider the statutory factors when imposing a felony sentence, "R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact finding[.]" *Stanley* at ¶ 9, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42. "[A] silent record raises the presumption that a trial court considered the factors." *Stanley* at ¶ 9, citing *State v. Sheffey*, 11th Dist. Ashtabula No. 2016-A-0075, 2017-Ohio-5634, ¶ 14, quoting *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶11} Burton contends that the court did not "consider" R.C. 2929.11 and 2929.12, rendering his sentence "contrary to law" pursuant to R.C. 2953.08(G)(2). However, "the Ohio Supreme Court recently held that '[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *Stanley* at ¶ 10, quoting *State v. Jones*, ⸺ Ohio St.3d ⸺, 2020-Ohio-6729, ¶ 42, ⸺ N.E.3d ⸺. "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39.

{¶12} Here, the court stated at the sentencing hearing that it "considered all aspects of 2929.11 and 2929.12 and the record is horrible." The sentencing entry also sets forth that the court considered "the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." Because the trial court did not specify findings as to the factors, this court must presume that the trial court properly weighed the statutory factors. *See Stanley* at ¶ 9.

{¶13} Burton further argues that the trial court relied on an inaccurate hypothetical sentencing comparison to conclude that the misdemeanor sentence did not adequately punish his conduct, and then used that as a basis for imposing sentences above the minimum required on the felonies.

{¶14} The trial court's statements on this issue indicate that it believed conduct less dangerous than shooting into the victim's car 11 times would, in some cases, result in more severe charges than a second-degree misdemeanor. However, Burton makes no argument regarding his misdemeanor sentence, and, as set forth above, we presume that the trial court appropriately considered the felony sentencing factors.

{¶15} Although Burton "is obviously unhappy with h[is] sentence and wishes the court would have weighed the factors differently, the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals." *Stanley*, 2021-Ohio-549, at ¶ 12, citing *Jones*, 2020-Ohio-6729, at ¶ 42. Thus, Burton's sole assigned error lacks merit, and the judgment is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.