[Cite as *State v. Loparo*, 2021-Ohio-2179.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2020-L-120 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| VINCENT S. LOPARO, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 000037 |

### O P I N I O N

Decided: June 28, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender and *Jamie R. Eck*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Vincent S. Loparo, appeals from his sentence for Vehicular Assault in the Lake County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On May 22, 2020, Loparo was indicted by the Lake County Grand Jury for Vehicular Assault, a felony of the fourth degree, in violation of R.C. 2903.08(A)(2)(b), and Failure to Stop After an Accident, a felony of the fourth degree, in violation of R.C. 4549.02(A).

{¶3}    On September 16, 2020, Loparo entered a plea of guilty to Vehicular Assault, as charged in the Indictment.  At the plea hearing, the State explained that the evidence would have shown that Loparo was driving home from a restaurant/bar at a high rate of speed, lost control of his vehicle, and struck the victim causing her serious physical harm.  The trial court accepted the plea and found Loparo guilty of the offense, which was memorialized in a September 21, 2020 Judgment Entry.

{¶4}    A sentencing hearing was held on October 30, 2020.  Loparo apologized for his actions and stated that he had demonstrated "very poor judgment on that evening," and "had no idea there was anybody involved."  The victim stated that Loparo hit her while she was walking her dog and left her alone and unconscious, which resulted in her being life-flighted to the hospital.  She suffered a broken neck, back, ribs, pelvis, and teeth.  She stated that she is "not the person [she] used to be at all" and cannot walk very far or bend without "excruciating, debilitating pain."

{¶5}    The judge found that "clearly there was serious physical harm caused in this case," the injuries and impact on the victim would continue "for an undetermined point in time," and Loparo was lucky he was not facing an aggravated homicide charge.  The judge noted Loparo's lack of a criminal record but emphasized that, on the date of the offense, Loparo had been driving all over both sides of the road, and the judge believed he was under the influence "to some degree" when he hit the victim.  The judge expressed disbelief that Loparo did not know he hit the victim, opining that he was "bound and determined to get the hell out of there before anybody knew anything" and emphasizing that Loparo initially lied to police.  Loparo was ordered to serve a term of 18 months in prison, advised him of post-release control, suspended his driver's license for five years,

2

and ordered him to pay restitution in the amount of $45,020.55.  A nolle prosecqui was entered on the remaining count of the Indictment.

{¶6}    Loparo timely appeals and raises the following assignment of error:

{¶7}    "The trial court erred by sentencing the defendant-appellant to the maximum prison term of eighteen months, as the trial court's findings with respect to R.C. 2929.11 and 2929.12 were unsupported by the record and thus, contrary to law."

{¶8}    In his sole assignment of error, Loparo raises several arguments in relation to the court's sentence, including the alleged failure of the court to consider the principles of sentencing and improper weighing of the sentencing factors.

{¶9}    "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court."  R.C. 2953.08(G)(2).  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law."  R.C. 2953.08(G)(2)(b).

{¶10}   "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing."  R.C. 2929.11(A).  "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  *Id.*  When imposing a sentence for a felony, the trial court "has discretion to determine the most effective way to comply with the purposes and principles of [felony] sentencing" and "shall

3

consider the factors * * * relating to the seriousness of the conduct" and "the factors * * * relating to the likelihood of the offender's recidivism." R.C. 2929.12(A).

{¶11} Loparo contends that "the sentencing factors under 2929.12 should have been weighed differently" as more consideration was given to the victim's injuries than to mitigating factors such as Loparo's remorse and the fact that he has lived a law-abiding life.

{¶12} The Ohio Supreme Court has held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, ___ Ohio St.3d ___, 2020-Ohio-6729, ___ N.E.3d ___, ¶ 42. "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶13} This court is not permitted to conduct a weighing exercise of the aggravating and mitigating factors or substitute its judgment for the trial court in its application of these factors. Thus, we cannot consider Loparo's argument that the factors should have been "weighed differently." Such a determination is reserved to the lower court. *State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 12 ("while [appellant] is obviously unhappy with her sentence and wishes the court would have weighed the factors differently, the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals").

{¶14} Loparo also argues that the lower court failed to consider each of the required R.C. 2929.12 factors. While we "no longer evaluate" whether sentences

4

imposed after consideration of the R.C. 2929.11 and .12 factors are unsupported by the record, we still analyze whether such sentences are contrary to law, which includes those where the trial court "'fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" (Citation omitted.) *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11. A sentencing judge is required only to "consider" the statutory factors and the Revised Code "does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Stanley*, 11th Dist. Lake No. 2020-L-065, 2021-Ohio-108, ¶ 34, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶15} Here, there is nothing in the record evincing the trial court's failure to consider the seriousness and recidivism factors under R.C. 2929.12. Although not required to do so, the court discussed the rationale behind its sentence, which included the serious harm done to the victim, the behavior of Loparo in committing the crime, and the recognition that Loparo did not have a criminal record. The court further stated both at the sentencing hearing and in its judgment entry that it had considered the R.C. 2929.12 factors in determining its sentence.

{¶16} Loparo also argues that the court did not consider each of the purposes and principles of sentencing pursuant to R.C. 2929.11, as it focused on punishment alone rather than rehabilitation, noting that the court referenced "a whole list of other things" to consider but emphasized only that "there has to be severe punishment." For the reasons outlined above, we are not permitted to weigh these factors in the place of the trial court

5

and a decision to place more weight on one factor over another is not error.  Further, just as it did with the seriousness and recidivism factors, the trial court specifically expressed its consideration of the purposes and principles of sentencing under R.C. 2929.11.

{¶17}  The sole assignment of error is without merit.

{¶18}  For the foregoing reasons, Loparo's sentence for Vehicular Assault in the Lake County Court of Common Pleas is affirmed.  Costs to be taxed against appellant.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.