[Cite as *State v. Potter*, 2021-Ohio-3485.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-053 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| JEREMY W. POTTER, | Trial Court No. 2019 CR 001069 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: September 30, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jeremy W. Potter, appeals the April 6, 2021 judgment of the Lake County Court of Common Pleas sentencing him to three consecutive 10-month terms of imprisonment. For the reasons discussed herein, the judgment is affirmed.

{¶2} In September 2019, appellant was a passenger in a vehicle that was stopped for a traffic offense. Consent to search the vehicle and his person was given; methamphetamines, cocaine, and other items alleged to have been used in furtherance of the drug offenses were found on or around appellant's person.

{¶3} Appellant was charged in an eight-count indictment. He ultimately pleaded guilty to Count Three, Aggravated Possession of Drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree; Count Four, Possession of Criminal Tools, in violation of R.C. 2923.24, a felony of the fifth degree; and Count Eight, Possession of Cocaine, in violation of R.C. 2929.11(A), a felony of the fifth degree; as well as the companion forfeiture specifications. Appellant failed to appear for his initial sentencing date. Ultimately, he was apprehended and sentenced to serve ten months in prison on each of the three counts; the terms were to be run consecutively. He now appeals, assigning one error for our review, which states:

{¶4} The trial court erred by sentencing the defendant-appellant to individual prison terms of ten months on counts three, four, and eight; to be served consecutively for a total prison term of thirty months, as the trial court's findings with respect to R.C. 2929.12, and 2929.14 were unsupported by the record and thus, contrary to law.

{¶5} Under this assignment of error, appellant alleges two issues. First, he argues the individual prison terms are contrary to law as the trial court's findings are not supported by the record and conflict with R.C. 2929.12. And second, he argues consecutive service is not supported by the record. We address each in turn.

{¶6} As to appellant's first argument, he contends that there are no factors that make this conduct more serious, but that there was evidence to mitigate the seriousness of offenses, specifically, his expression of remorse and a desire for treatment. He also asserts that he had previously successfully completed community control in Lake County, and points to this as evidence he would be amenable to available community control sanctions.

2

Case No. 2021-L-053

{¶7} Appellate courts are prohibited from substituting their judgment for that of the trial judge. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶42. Moreover, "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶39.

{¶8} The seriousness factors the trial court is required to consider are found in R.C. 2929.12. "[I]n sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principals of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12'." *State v. Brown,* 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34, quoting *State v. Lloyd,* 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. This obligation is satisfied by the trial court stating it considered these factors. *Id.*

{¶9} Moreover, "[a] trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo,* 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23. And a reviewing court "is not permitted to conduct a weighing exercise of the aggravating and mitigating factors or substitute its judgment for the trial court in its application of these factors." *State v. Loparo*, 11th Dist. Lake No. 2020-L-120, 2021-Ohio-2179, ¶13. In light of this standard of review, we turn to the merits of appellant's arguments.

{¶10} In this case, the trial court expressly stated it considered the purposes and principles of sentencing, as well as "the entirety of R.C. 2929.11, 2929.12, 2929.13, [and] 2929.14." Although none of the 2929.12 seriousness factors apply in this case, there

3

were sufficient considerations made by the court to show he was not amenable to community control sanctions. The record shows appellant has a lengthy criminal history dating back to at least 1999 and has not fully addressed his long-standing substance abuse problem, despite his expressed desire to seek treatment.

{¶11} Moreover, though appellant has successfully completed community control sanctions in the past, the record shows he has continued to engage in further criminal conduct and has recently demonstrated an inability to follow court orders by failing to appear for sentencing. Thus, we cannot agree there is clear and convincing evidence to find the trial court's decision was not supported by the record.

{¶12} Second, appellant argues the record does not support the finding that his conduct indicated the necessity of consecutive service.

{¶13} In cases such as the one at bar, a trial court may order consecutive sentences if:

{¶14} (4) * * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶15} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶16} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4

{¶17} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14

{¶18} Appellant argues that his drug activity was fueled by his own addiction and affected only himself, not the public at large. However, appellant's argument ignores his lengthy criminal history; we are not convinced by this short-sighted argument.

{¶19} In this case, the trial court stated that the imposed sentence "is necessary to protect the public from future crime" and "are not disproportionate to the danger you pose to the public and your history of criminal conduct demonstrates that they are necessary to protect the public from future crime by you." The trial court made the requisite findings, which are supported by the record; thus, we find no reversible error.

{¶20} Appellant's assignment of error is without merit.

{¶21} In light of the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.

MARY JANE TRAPP, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-053