[Cite as *State v. Wyman*, 2025-Ohio-5712.]

## IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JEFFRY WYMAN,

        Defendant-Appellant.

CASE NO. 2025-L-053

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 001200

## OPINION AND JUDGMENT ENTRY

Decided: December 22, 2025
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, *Teri R. Daniel* and *Jennifer A. McGee*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward M. Heindel,* 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Appellant, Jeffrey Wyman ("Wyman"), appeals the decision of the Lake County Court of Common Pleas, sentencing him to an aggregate indefinite term of a minimum of 17.5 years to a maximum of 21.5 years in prison. For the following reasons, we affirm.

{¶2} This case arises from what the trial court described as a "domestic situation" where Wyman fired multiple gun shots at his wife, injuring her, followed by a five-hour standoff with the SWAT team.

{¶3} Wyman was initially indicted on ten counts. Wyman pleaded guilty on March 10, 2025, to the following counts of the indictment: ("Count 4") Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1), with a Firearm Specification and with an Instrumentalities Forfeiture Specification; ("Count 6") Discharge of a Firearm On Or Near Prohibited Premises, a felony of the third degree, in violation of R.C. 2923.162(A)(3), and ("Count 10") Inducing Panic, a felony of the fourth degree, in violation of R.C. 2917.31(A)(3), with a Firearm Specification. The State entered a Nolle Prosequi on the remaining counts.

{¶4} On April 29, 2025, the trial court sentenced Wyman to: an indefinite term of a minimum 8 years and a maximum of 12 years in prison on Count 4; a mandatory 3 years in prison on the Firearm Specification on Count 4; 24 months in prison on Count 6; and 18 months in prison on Count 10; and a mandatory 3 years in prison on the Firearm Specification on Count 10. The trial court ordered that Counts 4, 6, and 10 be served consecutively to each other, and that the Firearm Specifications be served consecutively to each other, prior to, and consecutive to, the indefinite prison term imposed on Counts 4, 6, and 10. Wyman's aggregate sentence was for an indefinite minimum term of 17.5 years to a maximum 21.5 years in prison.

{¶5} Wyman timely filed an appeal of the trial court's sentence with this court on May 19, 2025.

**Assignment of Error**

{¶6} "[1.] The trial court's sentence was contrary to law because it failed to meaningfully apply the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12. In particular, the court gave insufficient weight to the mitigating factors

Case No. 2025-L-053

relevant to the seriousness of the offense and the likelihood of recidivism—including Wyman's military service, the absence of any prior criminal history, and a possible diagnosis of post-traumatic stress disorder. These factors supported the imposition of a less severe sentence than the one ultimately ordered."

## Standard of Review

{¶7}    Felony sentences are governed by R.C. 2953.08(G), which provides that the appellate court may increase, reduce, or modify a sentence, or vacate and remand the sentence, if it clearly and convincingly finds the sentence to be contrary to law. *State v. Blaskis*, 2025-Ohio-1896, ¶ 5 (11th Dist.); *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.). A sentence is contrary to law when it is in violation of the statute. *Lamb* at ¶ 10, quoting R.C. 2953.08(G)(2)(b); *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.). Accordingly, we review the record to determine whether Wyman's sentence was clearly and convincingly contrary to law.

## Analysis

{¶8}    Through counsel, Wyman contends that his sentence is contrary to law because the trial court failed to give sufficient weight to factors relevant to the seriousness of the offense and the likeliness of recidivism. Wyman essentially asks this court to reweigh the evidence, a task which we are not permitted to do:

> [T]he Ohio Supreme Court recently held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, ___Ohio St.3d ___, 2020-Ohio-6729, ¶ 42. "R.C. 2953.08(G)(2)(b) therefore does *not* provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." (Emphasis added.) *Id.* at ¶ 39.

Case No. 2025-L-053

*State v. Stanley*, 2021-Ohio-549, ¶ 10 (11th Dist.). "[T]he competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals." *Id.* at ¶ 12, citing *State v. Jones*, 2020-Ohio-6729, ¶ 12.

{¶9} The trial court indicated at sentencing that it considered the factors enumerated in R.C. 2929.11 and R.C. 2929.12 and indicated the same in its sentencing entry. The trial court met the requirements under the statute to consider the factors in R.C. 2929.11 and R.C. 2929.12, and Wyman puts forth no evidence to the contrary. Further, Wyman's sentences fall within the permitted statutory range. Accordingly, Wyman's sole assignment of error is without merit.

{¶10} For the foregoing reasons, we affirm the judgment of the Lake County Court of Common Pleas.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON


_____
JUDGE MATT LYNCH,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-053