[Cite as *State v. Stouffer*, 2015-Ohio-4637.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2015-L-032** |
| - vs - | : | **2015-L-033** |
| | | **2015-L-034** |
| MARK J. STOUFFER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas.
Case Nos. 14 CR 000852, 14 CR 000854, and 14 CR 000934.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, P.O. Box 148, Mentor, OH 44061 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Mark J. Stouffer, appeals his sentences entered by the Lake County Court of Common Pleas in three related cases. For the reasons that follow, we affirm the trial court's entries of sentence.

{¶2} On February 2, 2015, appellant entered pleas of guilty, by way of information, to four felonies of the fifth degree: in case no. 14 CR 852, to one count of theft, in violation of R.C. 2913.02(A)(3); in case no. 14 CR 854, to one count of forgery,

in violation of R.C. 2913.31(A)(1), and one count of possession of heroin, in violation of R.C. 2925.11; and in case no. 14 CR 934, to one count of receiving stolen property, in violation of R.C. 2913.51(A). The trial court released appellant on his own recognizance to complete a drug and alcohol dependency program, and sentencing was deferred.

{¶3} On March 18, 2015, upon successful completion of the treatment program, appellant was ordered to make restitution to the victim in case no. 14 CR 852 in the amount of $4,375.17. Appellant was also sentenced to six months imprisonment on each of the four counts; the six-month sentences in case no. 14 CR 854 were ordered to be served concurrent with each other, but consecutively to the six-month sentence in case no. 14 CR 852 and the six-month sentence in case no. 14 CR 934. This resulted in an aggregate prison term of 18 months.

{¶4} Appellant timely appealed his sentence in each case, and they have been consolidated for all purposes on appeal. He assigns one error for our review:

{¶5} "The trial court erred by sentencing the defendant-appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record."

{¶6} Appellant specifically argues that the trial court erred by imposing consecutive sentences and by ignoring mitigating factors when considering the seriousness of appellant's crime and the likelihood of his recidivism.

{¶7} Ohio's felony-sentencing scheme allows judges to exercise discretion within established statutory bounds. *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Despite having significant latitude, sentencing courts

2

are required to follow statutory direction in choosing a prison term. *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, ¶10 (Lanzinger, J., dissenting). R.C. 2953.08(G) governs felony sentencing issues on appeal and provides:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶8} We first consider appellant's argument that the trial court erred by imposing consecutive sentences. R.C. 2929.14(C)(4) provides that a trial court may require an offender to serve consecutive prison terms if it finds

> that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following: * * * (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.

{¶9} Although a trial court must make the statutory findings to support its decision to impose consecutive cases, it has no obligation to set forth its reasons to support its findings as long as they are discernible in the record. *State v. Bonnell*, 140

Ohio St.3d 209, 2014-Ohio-3177, ¶28-29; *State v. Jenkins*, 8th Dist. Cuyahoga No. 101899, 2015-Ohio-2762, ¶9.

{¶10} The trial court satisfied the requisite R.C. 2929.14(C)(4) findings in this case both at the sentencing hearing and in its entry. It stated in its judgment entry:

> Pursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public, and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶11} On the record, the trial court stated the above findings and recounted the many crimes committed by appellant over the years: 8 juvenile delinquency adjudications; 22 convictions as an adult, 11 of which were felonies; and multiple probation failures during the past 16 years. The trial court stated this "all justifies the consecutive sentences being imposed."

{¶12} Accordingly, the trial court made the requisite findings warranting the imposition of a consecutive sentence in this case, and its findings are supported by the record. Thus, this argument is not well taken.

{¶13} Next, we consider appellant's argument that the trial court erred by not taking into account mitigating factors when considering the seriousness and recidivism factors found in R.C. 2929.12.

{¶14} Appellant asserts that his sentence should be reduced because he "is genuinely remorseful," "intended no physical harm to any person or property," and has "made restitution to one victim and has a plan in place to compensate the other." He

4

also states that his past struggle with addiction and current path to sobriety should be considered as mitigating factors in favor of a modified sentence.

{¶15} Contrary to appellant's claims, the trial court fully considered all of these factors when sentencing appellant to 18 months imprisonment. It stated, in part, on the record:

> The Court has considered the overriding purposes and principles of felony sentencing, [in R.C. 2929.11.] * * * In determining the most effective way to comply with those purposes and principles I have considered all relevant factors, including but not limited to those in [R.C. 2929.12 and R.C. 2929.13].

{¶16} The trial court then elaborated on the factors that indicate a high likelihood of recidivism: "a history of not complying with the law that began as a juvenile"; numerous past probation violations; and failure to appear for court-ordered appearances and hearings. The court noted, with respect to recidivism being less likely, appellant's lack of intent to cause physical harm, a past three-year period of sobriety, and the fact that he accepted responsibility for his criminal conduct. The court concludes, however, by stating the following:

> It's a very difficult case. I certainly appreciate all that Mr. Stouffer has done as I said before, but again this history is only over a four month period of time. And I certainly hope that that progress will continue. But again I just cannot ignore patterns of treatment, relapse, crimes being committed, and a victim being the result based on that prior criminal history that far outweighs the four months of treatment.

The record fully supports the trial court's findings. Based on the foregoing, appellant's argument is not well taken.

{¶17} Appellant's sole assignment of error is without merit. The sentence entered by the trial court is not contrary to law.

5

{¶18}  For the reasons stated in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.