[Cite as *State v. Chase*, 2021-Ohio-1006.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2020-L-070** **2020-L-071** |
| RICHARD A. CHASE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2018 CR 001302 and 2018 CR 000996.

Judgment:  Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, *Teri Daniel* and *Jennifer A. McGee*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Stephen J. Futterer,* Willoughby Professional Building, 38052 Euclid Avenue, #105, Willoughby, Ohio 44094 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}  Appellant, Richard A. Chase, Jr., challenges his concurrent prison sentences of one year for aggravated possession of drugs, a felony of the fifth degree, and five years for aggravated possession of drugs, a felony of the second degree, after pleading guilty to both offenses.  We affirm.

{¶2}  The first offense occurred on September 18, 2018, when Chase was stopped in Mentor for an unilluminated license plate.  Chase was arrested for driving

under suspension. Officers then did an inventory search of the car and found a glass methamphetamine pipe and a disguised soda can containing 0.26 grams of methamphetamine.

{¶3} The second charge stemmed from an October 11, 2018 incident. Chase called police because someone had broken into his work van. Upon arrival, police saw the man responsible for the break-in throw something into the van. Officers arrested the suspect, and with Chase's consent, they searched the van and found two scales, $565 in cash, a dollar bill with white powder on it, a glass smoking pipe with residue, and 27.66 grams of methamphetamine.

{¶4} Sentencing was set for July 2, 2019. On July 1, 2019, Chase moved for a three-week continuance because he was recovering from injuries sustained in a motorcycle accident. Sentencing was rescheduled for August 19, 2019, but Chase failed to appear, and the court issued a warrant for his arrest. Chase was subsequently arrested at his home, and sentence was imposed November 6, 2019.

{¶5} Chase's first of three assigned errors asserts:

{¶6} "[1.] The trial court erred in its sentence of defendant-appellant in that clear and convincing evidence in the record shows that the trial court did not properly weigh the principles and purposes of felony sentencing in R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12."

{¶7} Chase argues that the trial court did not properly consider the factors and considerations in R.C. 2929.11 and R.C. 2929.12 when it sentenced him to five years in prison on the second charge of aggravated possession, improperly used his nonappearance at his sentencing hearing against him, failed to consider his drug

2

dependence, and incorrectly found he lacked remorse. Chase further argues that his criminal history did not support a five-year sentence.

{¶8} R.C. 2929.11 and 2929.12 require the sentencing court to consider certain factors when imposing a felony sentence but do not mandate judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42. "'A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.'" *State v. Sheffey*, 11th Dist. Ashtabula No. 2016-A-0075, 2017-Ohio-5634, ¶ 14, quoting *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶9} Moreover, the Ohio Supreme Court very recently held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, __ Ohio.St.3d __, 2020-Ohio-6729, __ N.E.3d __, ¶ 42. "R.C. 2953.08(G)(2)(b) * * * does *not* provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." (Emphasis added.) *Id.* at ¶ 39.

{¶10} Given the holding in *Jones*, we cannot review whether Chase's sentence is supported by the record under R.C. 2929.11 and 2929.12. We will address Chase's argument to the limited extent that Chase claims (1) the trial court's explicit findings lack support in the record, and (2) the trial court explicitly relied on facts that it was precluded from considering by law. *See Jones* at ¶ 47-49 (Fischer, J., concurring).

3

{¶11} First, Chase argues the trial court improperly used his nonappearance against him and did not reasonably make inquiry as to why he did not appear for sentencing. Contrary to Chase's argument, nonappearance for court-ordered hearings is a proper factor for a trial court to consider when imposing an individual felony sentence. *See* R.C. 2929.12 (in addition to considering the factors set forth in the divisions of this statute, the sentencing court may consider any other facts that are relevant to achieving the purposes and principles of felony sentencing); *see also State v. Stouffer*, 11th Dist. Lake No. 2015-L-032, 2015-Ohio-4637, ¶ 16-17; *State v. Anderson*, 1st Dist. Hamilton No. C-030449, 2004-Ohio-760, ¶ 15.

{¶12} Further, Chase's trial counsel moved for a three-week continuance due to Chase's accident and injuries. That continuance was granted, and no secondary motion was made. Chase failed to appear after being granted his requested continuance to heal from his injuries and provided no reason for his failure to appear despite having the opportunity to do so. Inquiry was not required.

{¶13} Next, Chase argues the court erred when it stated that Chase fails to acknowledge and deal with his drug abuse problem.

{¶14} The court stated at the sentencing hearing:

> JUDGE: * * * [T]here are factors that make the offense more serious. Certainly the amount is above the minimum needed in order to achieve the felony of the second degree. * * * Defendant has not responded favorably to previously imposed sanctions. Alcohol and drug abuse may be related to the offense and the offender denies a problem or refuses to contend with the problem. * * * And the amount involved here is more than just using, it's a trafficking amount.

{¶15} Chase points our attention to his presentence questionnaire where he admits to using methamphetamine to cope with the death of his daughter; his urinalysis

4

at the presence referral that is positive for marijuana; several assessments and diagnoses indicating he suffers from substance abuse issues and methamphetamine use disorder; and statements by his mother at sentencing.

{¶16} In a presentence investigation report, however, Chase acknowledges he abuses alcohol, cocaine, methamphetamine, and marijuana but denies that he needs substance abuse treatment.

{¶17} Additionally, Chase argues that the trial court erred when it considered the amount of drugs he possessed in determining his sentence because the weight of methamphetamine was already considered when he was charged with a second degree felony. He argues this creates a "double-whammy."

{¶18} However, the court did not consider the amount of the drug in isolation but in response to Chase's claim that the large quantity of methamphetamine he possessed was for personal use. The court did not believe this claim and instead found his possession was more serious in light of the amount, the scales, and the large quantity of cash found with it. Additionally, trial courts are permitted to consider the weight of drugs seized in determining the seriousness of the offense. *See State v. Hull*, 11th Dist. No. 2016-L-035, 2017-Ohio-157, 77 N.E.3d 484, ¶ 42; *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, ¶ 26. Accordingly, Chase's argument that the court could not consider the weight of the drug in sentencing lacks merit.

{¶19} Chase next contends that the court's statement regarding his lack of acknowledgement of his drug problem was used to prove he is not genuinely remorseful. However, the trial court made no finding that Chase was not remorseful.

5

{¶20} Finally, Chase argues that his criminal history does not support a five-year prison term and that the trial court erred when it considered his juvenile record.

{¶21} While weighing the R.C. 2929.12 recidivism factors the trial court stated:

> JUDGE: In terms of recidivism, the Defendant does have a criminal history, and history of delinquency adjudications. As a juvenile it includes theft felony five; another theft, habitually truant; no operator's license; curfew violations; underage possession of cigarettes; another theft. As an adult receiving stolen property in '99; another receiving stolen property in 2000; criminal mischief in 2001; disorderly conduct fighting in 2002; open container in '06; attempted possession of cocaine in '07; disorderly conduct, littering, dumping rubbish in '15 * * *.

{¶22} Chase cites *State v. Hand* in support of his argument that the court improperly used his juvenile criminal record to enhance his prison term beyond a mandatory minimum sentence in violation of the Due Process Clauses of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448. In *Hand*, the Ohio Supreme concluded that R.C. 2901.08(A), which requires a juvenile adjudication be treated as a previous conviction for charging and sentencing purposes, is unconstitutional and violates the right to due process. *Id.* at paragraph one of the syllabus. However, *Hand* does not preclude a trial court from considering a defendant's juvenile record when reviewing the likelihood of recidivism under R.C. 2929.12. The Court noted this distinction, explaining: "[T]here is a significant difference between allowing a trial judge to consider an adjudication during adult sentencing and requiring a mandatory prison term to be imposed because of it." *Id.* at ¶ 20. *See also State v. McBride*, 11th Dist. Trumbull No. 2017-T-0050, 2017-Ohio-9349, ¶ 12 ("Nothing in *Hand* prohibits a trial court from *considering* a defendant's prior criminal history, including his

juvenile delinquency adjudications, when considering and weighing the recidivism factors in R.C. 2929.12." (Emphasis sic.)). Therefore, Chase's argument relying on *Hand* lacks merit.

{¶23} Regarding his adult convictions, Chase argues the trial court summarized his criminal record in an "unreasonable damaging description." However, Chase does not establish that the trial court did anything other than accurately recite his prior convictions. That is not unreasonable, and that it was damaging is not error but a function of Chase's past transgressions.

{¶24} Thus, all of his arguments under his first assigned error lack merit and are overruled.

{¶25} Chase's second assigned error contends:

{¶26} "[2.] The trial court erred in requiring defendant-appellant to waive his Sixth Amendment Right to Counsel in the Written Plea Agreement in the plea hearing; and in the trial court's subsequent Order Denying Motion for Appointment of Counsel; in violation of the Sixth and Fourteenth Amendments of the United States Constitution."

{¶27} In his second assignment of error, Chase advances two arguments: first, that the trial court erred when it required him to waive his constitutional right to counsel at his change of plea hearing; and second, that the trial court erred when it denied him appointment of counsel in violation of his constitutional rights to counsel and due process.

{¶28} "'Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c).'" *State v. Gensert*, 11th Dist. Trumbull No. 2015-T-0084, 2016-Ohio-1163, 61 N.E.3d 636, ¶ 11, quoting

*State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13.  A trial court's compliance with Crim.R. 11(C) is reviewed for substantial compliance as to the nonconstitutional rights and for strict compliance as to the constitutional rights.  *Id.* at ¶ 12-14.  While advising him of his Crim.R. 11(C)(2)(c) rights, the court asked:

> JUDGE : Do you understand that if you were not pleading guilty today you would always be represented throughout this case by an attorney, even if you could no longer afford counsel? Counsel would be appointed by the court, paid for by the taxpayers, free to you?
>
> RICHARD CHASE:  Yes, sir.
>
> * * *
>
> JUDGE: Do you voluntarily give up all the rights that I just explained to you, and wish to have this Court accept your plea of guilty * * *?
>
> RICHARD CHASE: Yes, sir.

{¶29}  Chase argues that this exchange amounted to the trial court requiring him to waive his right to counsel.  However, this was merely an advisement that Chase had the right to be represented throughout trial if he were not pleading guilty and that counsel would be provided to him.

{¶30}  Moreover, Chase was represented by counsel throughout his plea and sentencing.  And Chase acknowledged this representation at his plea hearing:

> JUDGE: Have you had enough time to discuss what you're doing in these cases with your attorney?
>
> RICHARD CHASE: Yes, sir.
>
> * * *
>
> JUDGE: Has your attorney done everything you've asked him to do for you in these cases?
>
> RICHARD CHASE: Yes, sir.

8

{¶31} Thus, Chase was both represented by counsel throughout the proceedings, and he was not required to waive this right.

{¶32} Next, Chase argues that the trial court erred when it failed to advise him of his right to appeal and his right to appointed appellate counsel. As he argues, Chase was not advised of his right to appeal at his sentencing hearing. However, "[c]ourts have held that '[w]here a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant of his appeal rights.'" *State v. Perkins*, 11th Dist. Trumbull No. 2018-T-0012, 2018-Ohio-5335, ¶ 19, quoting *State v. Houston*, 6th Dist. Erie No. E-03-059, 2004-Ohio-6462, ¶ 8; *accord State v. Lowe*, 2d Dist. Clark No. 2016-CA-18, 2017-Ohio-27, ¶ 9. Moreover, Chase was permitted to file a delayed appeal and was appointed counsel to represent him. Therefore, even if the court erred, Chase suffered no prejudice as a result. *Perkins* at ¶ 19 (finding no reversible error because appellant suffered no prejudice from the trial court's alleged error).

{¶33} Finally, Chase argues the trial court erred when it denied his June 18, 2020 motion for appointment of counsel. However, this court had already granted Chase's motion for leave to file a delayed appeal and advised him to file a motion for appointment of counsel. And we subsequently appointed appellate counsel. Therefore, Chase was not denied the right to counsel, and his second assigned error lacks merit.

{¶34} Chase's third and final assigned error claims he was denied the effective assistance of trial counsel:

{¶35} "[3.] The Defendant-Appellant's Counsel's performance was deficient which prejudiced the defendant-appellant and resulted in an unreliable and fundamentally unfair outcome of the proceedings."

9

{¶36} Chase argues that trial counsel was ineffective because he neglected to file a motion to suppress the evidence seized in the second charge. He contends that the police officer's search of his van exceeded the scope of consent when the officer searched inside his toolbox and that his attorney should have moved to suppress the evidence.

{¶37} To prevail on a claim for ineffective assistance of counsel, an appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *State v. Hope*, 2019-Ohio-2174, 137 N.E.3d 549, ¶ 88 (11th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶38} In Ohio, every properly licensed attorney is presumed to be competent, and a defendant bears the burden of proving otherwise. *Hope* at ¶ 89, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Prejudice is established by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶39} "[A] guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.'" *State v. Haynes,* 11th Dist. Trumbull No. 93-T-4911,

10

1995 WL 237075, *1 (Mar. 3, 1995), quoting *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). "[I]f a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea." *Id.*

{¶40} Thus, a plea of guilty waives a defendant's right to assert an ineffective assistance claim unless it is shown that counsel's errors affected the knowing and voluntary nature of the plea. *Haynes* at *2, citing *State v. Barnett*, 73 Ohio App.3d 244, 249, 596 N.E.2d 1101 (2d Dist.1991).

{¶41} Here, Chase waived indictment and pleaded guilty to the second-degree felony charge that resulted from the search of his van. He has failed to show that any alleged ineffective assistance affected the knowing, intelligent, or voluntary nature of his plea, and therefore his third assigned error is without merit.

{¶42} Accordingly, the trial court's decision is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

11