[Cite as *State v. Watson*, 2021-Ohio-2549.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

CRYSTAL WATSON,

        Defendant-Appellant.

CASE NO. 2020-A-0038

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2019 CR 00601

# **O P I N I O N**

Decided: July 26, 2021
Judgment: Affirmed.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael P. Ciccone*, 4822 Market Street, Suite 230, P.O. Box 4865, Youngstown, OH 44512 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Crystal Watson, appeals her prison sentence imposed by the Ashtabula County Court of Common Pleas after she was found guilty by a jury for aggravated possession of drugs, resisting arrest, illegal use or possession of drug paraphernalia, and illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility.

{¶2} Ms. Watson contends that the trial court acted contrary to law by not fully evaluating the purposes and principles of felony sentencing pursuant to R.C. 2929.11 and

the seriousness/recidivism factors pursuant to R.C. 2929.12 and by erroneously considering her numerous pro se motions while being represented by counsel and her pending felony cases in finding she was not amenable to community control sanctions and imposing a term of imprisonment.

{¶3} After a review of the record and pertinent law, we affirm the trial court's sentence of imprisonment. The trial court explicitly stated both at the sentencing hearing and in the judgment entry that it considered the principles and purposes of R.C. 2929.11 and the factors of R.C. 2929.12. Moreover, we cannot say the trial court erred by considering Ms. Watson's failure to follow the instructions of the trial court not to file further pro se motions while being represented by counsel, the admonitions of the arresting officers and the patrolman at the jail, which resulted in additional charges against her, or her pending felony cases when evaluating the seriousness of her offense and the likelihood of recidivism. Most fundamentally, we are not permitted to independently reweigh the competing factors pursuant to R.C. 2929.11 and R.C. 2929.12 on appeal, and there is nothing in the record to suggest Ms. Watson's sentence is otherwise contrary to law.

{¶4} Finding Ms. Watson's sole assignment of error to be without merit, we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural Facts**

{¶5} Ms. Watson was indicted by a grand jury on four counts: (1) aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2924.11(A)(C)(1)(a); (2) resisting arrest, a second-degree misdemeanor, in violation of R.C. 2921.33(A); (3) illegal use or possession of drug paraphernalia, a fourth-degree misdemeanor, in violation of

2

R.C. 2925.14(C)(1)(F)(1); and (4) illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, a third-degree felony, in violation of R.C. 2921.36(A)(2)(G)(2).

{¶6} Ms. Watson's charges arose from an incident in which she refused to leave her parents' property when they were out of town. An employee of Ms. Watson's father, Randy Brooks ("Mr. Brooks"), was watching the house and called the Ashtabula County Sheriff's Department ("ACSD"). When Ms. Watson was unable to reach her parents, the sergeant asked her to leave. Ms. Watson refused and began to argue. When told she was being arrested for trespassing, she resisted arrest by struggling and pulling away. Methamphetamine and a glass pipe were discovered on her person during the routine inventory search upon her arrival to the jail. At some point, the ACSD contacted Mr. Brooks, who confirmed that Ms. Watson was not allowed on her parents' premises and that she had been evicted for drug use.

{¶7} Although Ms. Watson had appointed counsel, she filed approximately 12 pro se motions and letters to the court throughout the history of the case, including a pro se notice of appeal before she was sentenced. Each time, the trial court denied her motion or letter in a judgment entry, which stated that a trial court cannot properly consider a defendant's pro se motion when that defendant is represented by counsel and counsel does not join in the pro se motion. The case was tried to a jury, and Ms. Watson was found guilty on all counts.

{¶8} At the sentencing hearing, after Ms. Watson's attorney spoke on her behalf, the court engaged Ms. Watson in a colloquy, questioning her filing of so many pro se motions despite the fact that she was aware they would be denied since she was

3

represented by counsel. The court remarked that "if I were to put someone on community control, I have to be convinced that they are going to follow orders and do what they're told. * * *The reason this case went to trial is because the sheriff's sergeant and the sheriff's deputy told you to leave [her parents' premises], and you refused to leave." The court also noted that Ms. Watson had two other felony cases pending.

{¶9} At both the hearing and in its sentencing entry, the court stated that it "considered the record, oral statements, any victim impact statement, as well the principles and purposes of sentencing under R.C. 2929.11, and * * * balanced the seriousness and recidivism factors under R.C. 2929.12." The court found recidivism more likely and that the crime was more serious than most because "the Defendant essentially fought with two deputies and could have avoided this entire situation if she had just walked away or gotten in the car and driven away * * *." The court doubted Ms. Watson could follow the directions of a community control officer because she refused to follow the directions of the court, the two deputies who arrested her, and the corporal who asked her to turn over any drugs and/or drug paraphernalia at the jail. Further, the trial court found community control sanctions would demean the seriousness of the offense and not adequately protect the public from future crimes. Thus, the court found Ms. Watson not amenable to community control and that prison was consistent with the purposes of R.C. 2929.11.

{¶10} After finding that count one (aggravated possession drugs) merged with count four (illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility), the trial court sentenced Ms. Watson to 45 days in jail on count two (resisting arrest) to run concurrent to 30 days in jail on count three (illegal use or

4

possession of drug paraphernalia), as well as an 18-month prison term imposed on count four.

{¶11} Ms. Watson timely appealed, raising one assignment of error:

{¶12} "The trial court acted contrary to law by not fully evaluating all factors required when considering the principles and purposes of felony sentencing and when it took into consideration Defendant-Appellant's procedural mechanisms and her pending undisposed cases for purposes of sentencing."

## Sentencing Standard of Review

{¶13} In her sole assignment of error, Ms. Watson contends the trial court acted contrary to law by failing to give due weight to all of the factors required pursuant to R.C. 2929.11 and R.C. 2929.12 when it sentenced her to a term of imprisonment for the illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility.

{¶14} Thus, we apply the standard of review for felony sentences, which is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Pursuant to R.C. 2953.08(G)(2):

{¶15} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶16} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

5

{¶17} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶18} "(b) That the sentence is otherwise contrary to law."

{¶19} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶20} The Supreme Court of Ohio recently clarified in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, that contrary to the "dicta" in *Marcum*, R.C. 29530.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29; *see Marcum* at ¶ 23. *See also State v. Patrick*, Slip Opinion No. 2020-Ohio-6803, ¶ 67, fn. 2 (Donnelly, J., concurring), (the failure to observe the statutory requirements of R.C. 2929.11 and 2929.12 is not subject to appeal pursuant to R.C. 2953.08). "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Moreover, the *Jones* majority clarified that the term "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) does not encompass an appellate court's

6

conclusion that a sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32.

{¶21} Thus, our review of Ms. Watson's argument that the trial court failed to consider the purposes and principles of R.C. 2929.11 and R.C. 2929.12 is extremely limited.

### R.C. 2929.11 and R.C. 2929.12

{¶22} R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36.

{¶23} R.C. 2929.11(A) states that the court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶24} To "achieve those purposes," the court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶25} R.C. 2929.12(A) grants the sentencing judge discretion "'to determine the most effective way to comply with the purposes and principles of sentencing.'" *Foster* at ¶ 37, quoting R.C. 2929.12(A). In exercising that discretion, the court shall consider, along with any other "'relevant'" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. *Id.*, quoting

7

R.C. 2929.12(A). These statutory sections provide a nonexclusive list for the court to consider. *Id.*

{¶26} Ms. Watson specifically argues that the trial court improperly considered pending felonies and her repeated filing of pro se motions as a basis for finding her not amenable to community control. She also contends the trial court failed to consider her lack of prior felony convictions, her successful completion of a 36-hour twice weekly class through the Lake Area Recovery Center, and her continued involvement with rehabilitative services.

{¶27} A review of the sentencing hearing transcript and judgment entry, however, reveals that the trial court explicitly stated it considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and the factors of R.C. 2929.12 in determining Ms. Watson was not amenable to community control. The court then discussed the seriousness and recidivism factors as applied to her case.

{¶28} The trial court possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines. *State v. Phifer*, 11th Dist. Trumbull No. 2020-T-0010, 2020-Ohio-4694, ¶ 52; R.C. 2929.12(A). The statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18. Even a silent record raises the presumption that the sentencing court considered all relevant factors. *Foster* at ¶ 42; *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. And, as already noted, our standard of felony sentencing review, as provided in R.C. 2953.08(G), "does not provide a basis for an appellate court to modify

8

or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. An appellate court is not permitted "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶29} Moreover, the fact that Ms. Watson had pending felony charges that arose during the pendency of this case is directly related to "deterring the offender * * * from future crime" factor pursuant R.C. 2929.11(A), as well as the "likelihood of the offender's recidivism" factor pursuant to R.C. 2929.12(A). Consideration of a pending felony charge at sentencing is appropriate because this information is required to be in a presentence investigation report. *State v. Hoolihan*, 11th Dist. Trumbull No. 2012-T-0023, 2012-Ohio-5837, ¶ 16; *see also State v. Brown*, 12th Dist. Warren No. CA2013-12-115, 2015-Ohio-365, ¶ 24 (as part of its consideration of the purposes and principles of sentencing under R.C. 2929.11 and sentencing factors under R.C. 2929.12, the trial court was free to consider appellant's pending charges.). There is nothing in the record that suggests the trial court gave undue weight or consideration to the pending charges. Rather, the trial court noted them on the record, and the prosecutor spoke of them during her argument.

{¶30} Further, we cannot say the trial court erred in noting that Ms. Watson repeatedly failed to follow the instructions of the court, the officers who arrested her, and the corporal who requested that she relinquish any drugs and/or drug paraphernalia in her possession before the court went on to consider the purposes and principles of R.C. 2929.11 and the seriousness/recidivism factors of R.C. 2929.12.

{¶31} We are not permitted to independently reweigh the competing factors on appeal, and there is nothing in the record to suggest that Ms. Watson's sentence is contrary to law.

{¶32} Finding Ms. Watson's assignment of error to be without merit, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case No. 2020-A-0038