[Cite as *State v. Miller*, 2022-Ohio-256.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-063 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the<br>Court of Common Pleas |
| RUDY MILLER, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 000757 |

## O P I N I O N

Decided: January 31, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (for Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44060 (for Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}    Appellant, Rudy Miller, appeals the consecutive felony sentences imposed on him. For the following reasons, we affirm.

{¶2}    On or about August 9, 2020, Appellant and his co-defendant engaged in a series of robberies.  Appellant and his co-defendant approached homes and Appellant falsely told the owners that he worked for the utility company and needed to check the water main break.  While his co-defendant's sole act was to distract the owners, Appellant entered the homes without permission to look for and take valuable belongings.

{¶3} Police officers were notified of the crimes and arrived at the scene. Shortly after, a high-speed vehicle chase with Appellant ensued. Appellant abandoned his vehicle and was arrested.

{¶4} Appellant plead guilty to two counts of burglary, felonies of the second degree; one count of failure to comply with order or signal of police officer, a felony of the third degree; and one count of attempted engaging in a pattern of corrupt activity, a felony of the second degree.

{¶5} At sentencing, Appellant was sentenced to five years imprisonment on count one of burglary, three years on count two of burglary, twenty-four months on count three of failure to comply with order or signal of a police officer, and six to nine years on count four of attempted engaging in a pattern of corrupt activity.

{¶6} The court ordered the sentences to run consecutively, for a total of sixteen to nineteen years.

{¶7} At the sentencing hearing, and on the sentencing order, the court stated that it considered the overriding purposes of felony sentencing pursuant to R.C. 2929.11; the seriousness and recidivism factors pursuant to R.C. 2929.12; and the findings required for consecutive sentences pursuant to R.C. 2929.14.

{¶8} "APPELLANT'S FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED ON APRIL 26, 2021 (AS JOURNALIZED ON APRIL 29, 2021) BECAUSE ITS SENTENCE WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION AS A RESULT OF THE PURPOSES AND PRINCIPLES SET FORTH IN R.C. 2929.11."

{¶9} R.C. 2929.11 requires "a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing."

2

Case No. 2021-L-063

{¶10} R.C. 2929.12 grants discretion to a court that imposes a sentence under this chapter to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11.

{¶11} R.C. 2953.08 provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant,
>
> (b) That the sentence is otherwise contrary to law.

{¶12} However, regarding the appellate court's review of a felony sentence,

> The Supreme Court of Ohio recently clarified in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, that contrary to the "dicta" in *Marcum*, R.C. 29530.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id*. at ¶ 29; see *Marcum* at ¶ 23. * * * "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Moreover, the *Jones* majority clarified that the term "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) does not encompass an appellate court's conclusion that a sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id*. at ¶ 32.

*State v. Watson*, 11th Dist. Ashtabula No. 2020-A-0038, 2021-Ohio-2549, ¶ 20.

3

Case No. 2021-L-063

{¶13} Rather, a sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and R.C. 2929.12. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.

{¶14} Appellant asserts that this court should find his sentences contrary to law, as R.C. 2953.08(G)(2) permits an appellate court to review whether the record supports the findings under R.C. 2929.11 and R.C. 292912. As noted above, *State v. Jones* clarifies that appellate courts have no authority to do so. *Jones*, at ¶ 29.

{¶15} Moreover, Appellant's sole argument in this assignment of error asserts that the factors under R.C. 2929.11 and R.C. 2929.12 should have been weighed differently. Yet, "nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶16} Here, the sentencing court stated that it considered the purposes and principles of felony sentencing under R.C. 2929.11 before imposing the sentence. The court also considered the seriousness and recidivism factors under R.C. 2929.12. Thus, the sentencing court fulfilled its duty by stating that it considered all factors under R.C. 2929.11 and R.C. 2929.12. *DeLuca*, *supra,* at ¶ 18.

{¶17} Appellant's first assignment of error is without merit.

{¶18} "APPELLANT'S SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED ON APRIL 26, 2021 (AS JOURNALIZED ON APRIL 29, 2021) BECAUSE IT FAILED TO MAKE THE FACTUAL FINDINGS NECESSARY TO IMPOSE CONSECUTIVE SENTENCES IN ACCORDANCE WITH ORC 2929.14(C)(4)."

4

Case No. 2021-L-063

{¶19} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify consecutive sentences imposed under R.C. 292914(C)(4) if it clearly and convincingly finds that: (a) the record does not support the sentencing court's findings; or (b) the sentence is otherwise contrary to law.

{¶20} R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶21} In making its findings for consecutive sentences, the sentencing court is required to engage in the analysis for consecutive sentencing and specify the statutory criteria warranting its decision. *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 26. While the sentencing court is not required to state exact reasons

5

supporting its findings, the record must contain a clear basis upon which a reviewing court can determine that the sentencing court's findings for imposing consecutive sentences are supported by the record. *Id.* at ¶ 27-28.

{¶22} Although R.C. 2929.14(C)(4) only requires a sentencing court to make three findings, the court here made all statutory findings. Accordingly, we will analyze each one.

{¶23} R.C. 2929.14(C)(4) first requires the court to find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. At sentencing, the court stated on the record that consecutive sentences are "necessary to protect the public from future crime and to punish Mr. Miller." Previously, the court stated that Appellant's pre-sentence investigation showed that he had ten active warrants out for his arrest in three other states for similar crimes. The record also reflected that Appellant came to the state for the sole reason of committing the burglaries. Seeing as Appellant had committed this type of crime before and came to Ohio for the purpose of committing the crimes, we cannot clearly and convincingly find that the record does not support the sentencing court's findings that consecutive sentences are necessary to protect the public from future crime and to punish Appellant.

{¶24} R.C. 2929.12(C)(4) next requires the court to find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court stated on the record that consecutive sentences are "certainly not disproportionate to the seriousness of his conduct and the danger he poses to the public." On the record, the court considered the crime serious because Appellant targeted the elderly and the victim statements detailed

6

the life-long impact the crimes had on the victims. The court also stated, "further making this more serious, going back, the Defendant actually came to Ohio for the purpose of committing these offenses." Regarding the danger Appellant poses to the public, the court considered the high-speed car chase, in which Appellant was driving over one hundred miles per hour. We cannot clearly and convincingly find that the record does not support the sentencing court's findings on this requirement.

{¶25} Pursuant to R.C. 2929.14(C)(4)(a), which states that the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, the court considered that when the crimes were committed, Appellant was awaiting sentencing on a conviction in Lucas County. Thus, R.C. 2929.14(C)(4)(a) is satisfied.

{¶26} The court next made findings pursuant to R.C. 2929.14(C)(4)(b), which states that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the offender's conduct. The record reflects a course of conduct because there were two counts of burglary. The record also reflects that the harm caused was so great or unusual that no single prison term would adequately reflect the seriousness of Appellant's conduct. The evidence the court considered was the victim impact statements, in which the victims stated that Appellant's conduct caused them anxiety and life-long trust issues. We cannot clearly and convincingly find that the record does not support the sentencing court's findings on this requirement.

7

Case No. 2021-L-063

{¶27} Lastly, the court made findings pursuant to R.C. 2929.14(C)(4)(c), stating that Appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. To support this finding, the court stated that Appellant has been committing, and convicted for, burglaries for twelve years and specifically came to Ohio for the purpose of committing these crimes.

{¶28} Pursuant to R.C. 2929.14(C)(4) the court made all statutory findings to impose consecutive sentences. This court cannot clearly and convincingly find that the record does not support the sentencing court's findings.

{¶29} Appellant's assignment of error is without merit and we affirm the judgment of the Lake County Court of Common Pleas.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.