**[Cite as *State v. Vieira*, 2022-Ohio-1636.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>JOHN MICHAEL VIEIRA,<br><br>Defendant-Appellant. | **CASE NO. 2021-L-110**<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2021 CR 000038 |

# O P I N I O N

Decided: May 16, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, John Michael Vieira, appeals his sentence for Abduction in the Lake County Court of Common Pleas. For the following reasons, we affirm the decision of the lower court.

{¶2} On March 5, 2021, Vieira was indicted by the Lake County Grand Jury for Kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(3); Abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(1); Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2); Domestic Violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A); two counts of Operating a Vehicle Under

the Influence of Alcohol, felonies of the third degree in violation of R.C. 4511.19(A)(1)(a) and (2); and Menacing by Stalking, a felony of the fourth degree, in violation of R.C. 2903.211.

{¶3} A jury trial was held on August 3-5, 2021. Prior to the start of the trial, the State dismissed the charge of Menacing by Stalking. According to the testimony and evidence presented, Vieira went to the home of Rachael Ingle, the mother of his child whom he had been dating on and off for eighteen years. While arguing, according to Vieira and Ingle, Vieira grabbed Ingle, threw her into his car, and drove down the street. Witness testimony indicated Vieira was driving erratically. Ingle testified she jumped out of the vehicle and was hit by the open door when the vehicle backed up. When Vieira was arrested, officers observed that he had watery eyes, a strong odor of alcohol, and slurred speech.

{¶4} The jury found Vieira guilty of Abduction and both counts of OVI. He was acquitted of Kidnapping, Felonious Assault, and Domestic Violence.

{¶5} A sentencing hearing was held on September 16, 2021, and the court merged the OVI offenses. The defense argued that Vieira had managed his sobriety over the past five years and had taken responsibility for his actions by admitting to them in his testimony. Counsel also noted a letter from Vieira's employer characterizing him as a hard worker and good employee. Vieira apologized for his actions and stated that he has made strides in addressing his drinking problem. The State emphasized Vieira's actions of causing Ingle to fear for her life, driving intoxicated, and not staying at the scene after she was hit by the vehicle door. The State also pointed to his extensive history of OVI offenses and requested a three-year sentence on each offense. The Presentence Investigation Report

2

demonstrates that Vieira had previously been convicted of five prior OVI offenses and one Attempted OVI offense.

{¶6} The court indicated that it had considered all of the evidence and statements, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. It found that the relationship with the victim facilitated the offense and the victim suffered serious psychological harm. It found no factors indicating the conduct was less serious. It determined that this was the "worst form of abduction" and it was "clear from the evidence that was presented this was against the victim's will and * * * she was terrified." It emphasized Vieira's lengthy criminal history and failure to respond favorably to previously imposed sanctions. It also found, as to the Abduction charge, that the victim was a family or household member since the two had a child together. The court imposed a sentence of 36 months in prison for Abduction, 36 months for OVI, and ran the sentences consecutively. The sentence was memorialized in a September 17, 2021 Judgment Entry.

{¶7} On appeal, Vieira raises the following assignment of error:

{¶8} "The trial court erred by sentencing the defendant-appellant to the maximum prison term of thirty-six months on count two, as the trial court's findings with respect to R.C. 2929.11 and 2929.12 were unsupported by the record and thus, contrary to law."

{¶9} In his sole assignment of error, Vieira argues his sentence for Abduction was contrary to law since "the sentencing factors under 2929.12 should have been weighed differently as several mitigating factors were completely ignored," including his expression of remorse and that his relationship with the victim provoked the offense. He also argues that the court considered that the victim was a family or household member and such factor

3

was inapplicable to an Abduction offense. He contends that the failure to weigh the factors appropriately shows the sole purpose of the court's sentence was punishment.

{¶10} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or] * * * [t]hat the sentence is otherwise contrary to law." *Id.*

{¶11} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing" which are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). When imposing a felony sentence, the trial court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing" and "shall consider the factors * * * relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism." R.C. 2929.12(A).

{¶12} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * or more than the minimum sentences." *State v. Foster*, 109 Ohio

4

St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. "[T]here is no mandate for judicial fact-finding" in relation to R.C. 2929.11 and .12. Rather, "the court is merely to 'consider' the statutory factors." *Id.* at ¶ 42; *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.

{¶13} The Ohio Supreme Court has clarified the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and .12. *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The Court held that R.C. 2953.08(G)(2)(a) does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings under R.C. 2929.11 and .12." *Id.* at ¶ 29. It concluded that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law'" as set forth in R.C. 2953.08(G)(2)(b). *Id.* at ¶ 32. Thus, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶14} Vieira's arguments center around the lower court's weighing of the factors and whether it properly assigned weight to various factors such as the parties' relationship and his remorse. This court is prohibited under *Jones* from weighing the evidence. *Id.*; *State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 12 ("the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals"). Here, the sentencing court fulfilled its duty to consider the factors by stating it considered the principles and purposes of sentencing in R.C. 2929.11 and balanced the seriousness and recidivism factors in R.C. 2929.12 and we cannot consider

5

the weight it assigned to the various seriousness and recidivism factors. *State v. Miller*, 11th Dist. Lake No. 2021-L-063, 2022-Ohio-256, ¶ 13. While Vieira argues that the lower court "ignored" certain mitigating factors, the court's statement that it considered them satisfies the sentencing requirements and its determination that they did not apply is part of its discretion to assess the evidence. For example, the fact that evidence was presented in support of Vieira's claim of remorse does not require the lower court to make a determination that such remorse was genuine.

{¶15} This court is permitted to consider arguments that certain factors were applied inappropriately to the extent that they relate to legal issues, such as consideration of a fact or issue that is precluded by law. *See State v. Chase*, 11th Dist. Lake Nos. 2020-L-070 and 2020-L-071, 2021-Ohio-1006, ¶ 10 ("[w]e will address [appellant's] argument to the limited extent that [he] claims * * * the trial court explicitly relied on facts that it was precluded from considering by law."). In addition to the argument that the lower court improperly weighed the factors, Vieira contends that it considered a factor as making the offense more serious which was inapplicable. Specifically, he takes issue with the court's finding, as to the Abduction charge, that the victim was a family or household member since the two had a child together.

{¶16} Pursuant to R.C. 2929.12(B)(9), "[t]he sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense: * * * If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed

6

the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent * * * of one or more of those children." The offenses listed in R.C. 2929.12(B)(9) do not include Abduction and while the child was inside the home when the offense occurred, no finding was made that he was "in the vicinity" of the crime that took place outside. Nonetheless, the court did not err by considering the relationship between the parties. R.C. 2929.12(B) allows the sentencing court to consider "any other relevant factors" in addition to the specific factors listed in that section. It has been held that a trial court does not err by taking into consideration the applicability of R.C. 2929.12(B)(9) and considering a household relationship as a seriousness factor in relation to offenses other than those listed in R.C. 2929.12(B)(9). *State v. McCallum*, 10th Dist. Franklin No. 19AP-796, 2021-Ohio-2938, ¶ 66 (the trial court did not err in noting the defendant's household relationship with the victim in sentencing her for voluntary manslaughter); *State v. Gore*, 10th Dist. Franklin No. 15AP-686, 2016-Ohio-7667, ¶ 18.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Vieira for Abduction and OVI, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-110